1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10    JAMES T. CASE,

11              Plaintiff,                    No. CIV S-11-2900 GGH P

12         vs.

13    BOARD OF PRISON TERMS, et al.

14              Defendants.              ORDER

15    _____/

16              Plaintiff is a state prisoner proceeding pro se.  This case, originally filed in the

17    Northern District on June 20, 2011, was transferred several months later and filed in this court on

18    November 2, 2011.  Although this case was initially characterized in the Northern District as one

19    brought pursuant to 42 U.S.C. § 1983 because plaintiff had initially filed a letter seeking relief

20    from prison conditions, that court also noted that plaintiff sought to challenge a recent parole

21    denial in a later filing in the same case.  See Order at docket # 6.  Moreover, the case docket

22    indicates that plaintiff has failed to file an in forma pauperis affidavit or to pay the required filing

23    fee for either a civil rights action or a habeas petition.  See 28 U.S.C. §§ 1914(a), 1915(a).

24              The court is required to screen complaints brought by prisoners seeking relief

25    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

26    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

1

claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

1    To the extent that plaintiff intended to file a complaint under 42 U.S.C. § 1983, it

2  must be dismissed as in violation of  Rule 8 of the Federal Rules of Civil Procedure.  Fed. R.

3  Civ. P. 8 sets forth general rules of pleading in the Federal Courts.  Complaints are required to

4  set forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement

5  of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  Rule 8

6  requires "sufficient allegations to put defendants fairly on notice of the claims against them."

7  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

8    In this instance, plaintiff, in a letter addressed to Judge Henderson, asked a judge

9  to call the prison to assist him in seeing a doctor for various medical conditions from which he

10  states that he suffers.  See letter, dated 6-6-11.  In order to commence an action, plaintiff must

11  file a complaint as required by Rule 3 of the Federal Rules of Civil Procedure, and plaintiff must

12  either pay the required filing fee or file an application requesting leave to proceed in forma

13  pauperis.[1]  See 28 U.S.C. §§ 1914(a), 1915(a).  Of course, plaintiff's request does not constitute a

14  colorable claim under § 1983.  The Civil Rights Act under which this action was filed provides

15  as follows:

16    Every person who, under color of [state law] . . . subjects, or causes
       to be subjected, any citizen of the United States . . . to the
17    deprivation of any rights, privileges, or immunities secured by the
       Constitution . . . shall be liable to the party injured in an action at
18    law, suit in equity, or other proper proceeding for redress.

19  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

20  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

21  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

22  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

23  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

24  omits to perform an act which he is legally required to do that causes the deprivation of which

25  _____

26    [1]  If leave to file in forma pauperis is granted, plaintiff will still be required to pay the
     filing fee but will be allowed to pay it in installments.

1  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

2          If plaintiff seeks to allege that prison officials have been deliberately indifferent to

3  his serious medical condition[s], plaintiff must allege "acts or omissions sufficiently harmful to

4  evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106,

5  97 S. Ct. 285, 292 (1976).  To prevail, plaintiff must show both that his medical needs were

6  objectively serious, and that defendants possessed a sufficiently culpable state of mind.  Wilson

7  v. Seiter, 501 U.S. 294, 299, 111 S. Ct. 2321, 2324 (1991); McKinney v. Anderson, 959 F.2d 853

8  (9th Cir. 1992) (on remand).  The requisite state of mind for a medical claim is "deliberate

9  indifference."  Hudson v. McMillian, 503 U.S. 1, 4, 112 S. Ct. 995, 998 (1992).

10         A serious medical need exists if the failure to treat a prisoner's condition could

11  result in further significant injury or the unnecessary and wanton infliction of pain.  Indications

12  that a prisoner has a serious need for medical treatment are the following:  the existence of an

13  injury that a reasonable doctor or patient would find important and worthy of comment or

14  treatment; the presence of a medical condition that significantly affects an individual's daily

15  activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900

16  F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01

17  (9th Cir. 1989).  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other

18  grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

19         In Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970 (1994) the Supreme Court

20  defined a very strict standard which a plaintiff must meet in order to establish "deliberate

21  indifference."  Of course, negligence is insufficient.  Farmer, 511 U.S. at 835, 114 S. Ct. at 1978.

22  However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm

23  which is so obvious that it should be known) is insufficient.  Id. at 836-37, 114 S. Ct. at 1979.

24  Neither is it sufficient that a reasonable person would have known of the risk or that a defendant

25  should have known of the risk.  Id. at 842, 114 S. Ct. at 1981.  Plaintiff's complaint, to the extent

26  that it is one, must be dismissed but plaintiff will be allowed leave to amend.

4

1   As for plaintiff's subsequent filing, for which plaintiff used a civil rights

2   complaint form for the Northern District but purported to challenge a parole denial – plaintiff

3   may not proceed under § 1983 and 28 U.S.C. § 2254 in the same filing.  In addition, the

4   purported petition has no coherence.  Plaintiff, as petitioner, states, for example, in part with

5   respect to his "statement of claim": "[a]t this time I do not know what this is and don't [sic]

6   know who filed it...." and later with respect to relief sought: "I do not know the specifics of this

7   case," going on to say that "if its [sic] for the parole board denial" then he wants the denial to be

8   comparable to a "denial under the sentencing guideline that was in place in 1984" when he was

9   convicted.  See dkt # 4, pp. 4-5.  It is not for a court to determine what a party intends to

10  challenge in filing an action.  Although plaintiff does append a page indicating that he was seen

11  by the Board of Parole on December 7, 2010 and that he was given a ten-year denial under

12  Marsy's Law, he then asks the court what steps he should take to challenge the denial.  Id., at 5.

13  The putative petition must also be dismissed.

14  "Federal law opens two main avenues to relief on complaints related to

15  imprisonment: a petition for habeas corpus, 28 U.S.C.  2254, and a complaint under the Civil

16  Rights Act of 1871, Rev. Stat.  1979, as amended, 42 U.S.C.  1983.  Challenges to the validity of

17  any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser

18  v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief

19  turning on circumstances of confinement may be presented in a § 1983 action."  Muhammad v.

20  Close, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam).

21  As noted, this case was opened as one pursuant to § 1983.  Although the filing is

22  defective, plaintiff is being given leave to amend his complaint.  However, if plaintiff, as

23  petitioner, seeks to challenge a parole denial, he must proceed in filing a new case under § 28

24  U.S.C. § 2254.  If plaintiff elects to proceed in this case under § 1983, plaintiff must file an in

25  forma pauperis affidavit or pay the $350.00 required filing fee.  See 28 U.S.C. §§ 1914(a),

26  1915(a).  Plaintiff will be provided the opportunity either to submit the appropriate affidavit in

5

support of a request to proceed in forma pauperis or to submit the appropriate filing fee.  Failure to do so will result in a recommendation of dismissal of this case.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff shall submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court, or the appropriate filing fee; plaintiff's failure to comply with this order will result in the dismissal of this action;

2. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order.  Failure to file an amended complaint will result in a recommendation that the action be dismissed;

3.  In addition, to the extent that plaintiff filed a habeas petition in this § 1983 action, the petition is dismissed and in order to proceed under 28 U.S.C. § 2254, plaintiff, as petitioner, must file a new and separate action;

4.  The Clerk of the Court is directed to send plaintiff an Application to Proceed In Forma Pauperis By a Prisoner and the form used in this district by prisoners to file an action under 42 U.S.C. § 1983.

DATED: February 14, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
case2900.ord

7