1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JAMES T. CASE,

11            Plaintiff,                    No. 2:11-CV-2900 AC P

12      vs.

13   BOARD OF PRISON TERMS, et al.,

14            Defendants.            <u>ORDER</u>

15   _____/

16            Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action

17   filed pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to the jurisdiction of the magistrate

18   judge.  <u>See</u> docket # 9.  By <u>Order,</u> filed June 29, 2012, plaintiff's amended complaint was

19   dismissed with leave to file a second amended complaint.  Thereafter, the court granted plaintiff

20   liberal extensions of time,[1] and plaintiff filed a second amended complaint on November 1, 2012.

21            As plaintiff was previously informed, the court is required to screen complaints

22   brought by prisoners seeking relief against a governmental entity or officer or employee of a

23   governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion

24   thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state

25

26      [1] <u>See</u> <u>Order</u> filed on 7/25/12, and <u>Order,</u> filed on 10/03/12.

1    a claim upon which relief may be granted, or that seek monetary relief from a defendant who is

2    immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

3            A claim is legally frivolous when it lacks an arguable basis either in law or in

4    fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

5    28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

6    indisputably meritless legal theory or where the factual contentions are clearly baseless.

7    Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

8    inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

9    639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

10           A complaint must contain more than a "formulaic recitation of the elements of a

11   cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

12   speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

13   "The pleading must contain something more...than...a statement of facts that merely creates a

14   suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller,

15   Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain

16   sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

17   Ashcroft v. Iqbal, 566 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at

18   570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content

19   that allows the court to draw the reasonable inference that the defendant is liable for the

20   misconduct alleged."  Id.

21           In reviewing a complaint under this standard, the court must accept as true the

22   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

23   738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

24   and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.

25   1843 (1969).

26           By his second amended complaint, plaintiff has wholly failed to cure the defects

2

1   of his first amended complaint although the court, by <u>Order</u>, filed on June 29, 2012, informed

2   plaintiff of the deficiencies of that amended complaint in some detail.  In addition, by the instant

3   330-page filing, plaintiff has violated Fed. R. Civ. P. Rule 8(a)(2), which requires "a short and

4   plain statement of the claim showing that the pleader is entitled to relief."  The complaint does

5   not contain sufficient allegations to put defendants fairly on notice.  <u>See</u> <u>Conley v. Gibson</u>, 355

6   U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957); <u>Richmond v. Nationwide Cassel L.P.</u>, 52

7   F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to

8   satisfy the notice requirement of  Rule 8); 5 C. Wright & A. Miller, <u>Federal Practice and</u>

9   <u>Procedure</u> § 1202 (2d ed. 1990).   Plaintiff simply lists several names as defendants: Christine

10  Brunger; C/O Doane; Warden Swarthout; Lisa Austin; Dr. Lipson and C/O Kiehlmeter.  Second

11  Amended Complaint (SAC), pp. 1-2.  Plaintiff, however, does not link them to any alleged

12  constitutional deprivation he has suffered in the abbreviated, generic body of his allegations,

13  wherein plaintiff simply claims continued "harassment," referring the court to his more than

14  three hundred pages of exhibits.  It is not the court's responsibility to sift through a maze of

15  attached exhibits in order to frame plaintiff's allegations for him, and plaintiff may not place

16  such a burden on the court.  The second amended complaint must be dismissed but plaintiff will

17  be afforded one last opportunity to amend.

18          Plaintiff is cautioned, should he choose to amend, to frame his allegations within

19  the body of the complaint itself, linking each defendant to conduct resulting in a deprivation of

20  plaintiff's constitutional rights.  Under 42 U.S.C. § 1983, it is required that there be an actual

21  connection or link between the actions of the defendants and the deprivation alleged to have

22  been suffered by plaintiff.  <u>See</u> <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978);

23  <u>Rizzo v. Goode</u>, 423 U.S. 362, 96 S.Ct. 598 (1976).  "A person 'subjects' another to the

24  deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act,

25  participates in another's affirmative acts or omits to perform an act which he is legally required

26  to do that causes the deprivation of which complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740,

1   743 (9th Cir. 1978).

2          Although the court has previously set forth the standards for bringing an Eighth

3   Amendment inadequate medical care claim, which plaintiff may be seeking to frame, those

4   standards are repeated herein.  In order to state a § 1983 claim for violation of the Eighth

5   Amendment based on inadequate medical care, plaintiff must allege "acts or omissions

6   sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle v.

7   Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976).  To prevail, plaintiff must show both that

8   his medical needs were objectively serious, and that defendants possessed a sufficiently culpable

9   state of mind.  Wilson v. Seiter, 501 U.S. 294, 299, 111 S. Ct. 2321, 2324 (1991); McKinney v.

10  Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand).  The requisite state of mind for a medical

11  claim is "deliberate indifference."  Hudson v. McMillian, 503 U.S. 1, 4, 112 S. Ct. 995, 998

12  (1992).

13         A serious medical need exists if the failure to treat a prisoner's condition could

14  result in further significant injury or the unnecessary and wanton infliction of pain.  Indications

15  that a prisoner has a serious need for medical treatment are the following:  the existence of an

16  injury that a reasonable doctor or patient would find important and worthy of comment or

17  treatment; the presence of a medical condition that significantly affects an individual's daily

18  activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900

19  F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01

20  (9th Cir. 1989).  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other

21  grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

22         In Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970 (1994) the Supreme Court

23  defined a very strict standard which a plaintiff must meet in order to establish "deliberate

24  indifference."  Of course, negligence is insufficient.  Farmer, 511 U.S. at 835, 114 S. Ct. at 1978.

25  However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm

26  which is so obvious that it should be known) is insufficient.  Id. at 836-37, 114 S. Ct. at 1979.

Neither is it sufficient that a reasonable person would have known of the risk or that a defendant should have known of the risk.  Id. at 842, 114 S. Ct. at 1981.

> A prison official acts with "deliberate indifference ... only if the [prison official] knows of and disregards an excessive risk to inmate health and safety." Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1187 (9th Cir.2002) (citation and internal quotation marks omitted).  Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." Gibson, 290 F.3d at 1188 (citation omitted). FN4 This "subjective approach" focuses only "on what a defendant's mental attitude actually was." Farmer, 511 U.S. at 839, 114 S.Ct. 1970. "Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." McGuckin, 974 F.2d at 1059 (alteration and citation omitted).

>> FN4. In a recent case, we recognized that "deliberate indifference to medical needs may be shown by circumstantial evidence when the facts are sufficient to demonstrate that a defendant actually knew of a risk of harm."  Lolli v. County of Orange, 351 F.3d 410, 421 (9th Cir.2003) (citations omitted); see also Gibson, 290 F.3d at 1197 (acknowledging that a plaintiff may demonstrate that officers "must have known" of a risk of harm by showing the obvious and extreme nature of a detainee's abnormal behavior). []

Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).

Also significant to the analysis is the well established principle that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation.  Jackson v. McIntosh, 90 F.3d 330 (9th Cir. 1996); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Moreover, a physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights.  Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989).  A failure to competently treat a serious medical condition, even if some

1    treatment is prescribed, may constitute deliberate indifference in a particular case.  Id.

2            Additionally, mere delay in medical treatment without more is insufficient to state

3    a claim of deliberate medical indifference.  Shapley v. Nevada Bd. of State Prison Com'rs, 766

4    F.2d 404, 408 (9th Cir. 1985).  Although the delay in medical treatment must be harmful, there is

5    no requirement that the delay cause "substantial" harm.  McGuckin, 974 F.2d at 1060, citing

6    Wood v. Housewright, 900 F.2d 1332, 1339-1340 (9th Cir. 1990) and Hudson, 112 S. Ct. at 998-

7    1000.  A finding that an inmate was seriously harmed by the defendant's action or inaction tends

8    to provide additional support for a claim of deliberate indifference; however, it does not end the

9    inquiry.  McGuckin, 974 F.2d 1050, 1060 (9th Cir. 1992).  In summary, "the more serious the

10   medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those

11   needs, the more likely it is that a plaintiff has established deliberate indifference on the part of

12   the defendant."  McGuckin, 974 F.2d at 1061. Superimposed on these Eighth Amendment

13   standards is the fact that in cases involving complex medical issues where plaintiff contests the

14   type of treatment he received, expert opinion will almost always be necessary to establish the

15   necessary level of deliberate indifference.  Hutchinson v. United States, 838 F.2d 390 (9th Cir.

16   1988).

17           If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

18   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

19   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

20   how each named defendant is involved.  As noted above, there can be no liability under 42

21   U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions

22   and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598; May v. Enomoto, 633

23   F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d at 743.  Furthermore, vague and

24   conclusory allegations of official participation in civil rights violations are not sufficient.  See

25   Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

26           In addition, plaintiff is informed that the court cannot refer to a prior pleading in

1   order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

2   complaint be complete in itself without reference to any prior pleading.  This is because, as a

3   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

4   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading or

5   any earlier pleading no longer serves any function in the case.  Therefore, in an amended

6   complaint, as in an original complaint, each claim and the involvement of each defendant must

7   be sufficiently alleged.   Finally, as plaintiff has filed an excessive amount of documentation

8   with his now-dismissed and deficient second amended complaint, in any third amended

9   complaint, plaintiff's filing must not exceed thirty pages.

10              In accordance with the above, IT IS HEREBY ORDERED that the second

11   amended complaint is dismissed with leave granted to file a third amended complaint, not to

12   exceed thirty pages, within twenty-eight days; failure to file a third amended complaint will

13   result in dismissal of this action.

14   DATED: November 21, 2012

15              _____/s/_____

16              ALLISON CLAIRE
            UNITED STATES MAGISTRATE JUDGE

17   AC:009
    case2900.ord2

18

19

20

21

22

23

24

25

26