1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                    FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10

11   JAMES T. CASE,

12              Plaintiff,                          No. 2:11-cv-2900 AC P

13        vs.

14   BOARD OF PRISON TERMS, et al.,

15              Defendants.                         <u>ORDER</u>

16   _____/

17              Plaintiff, a prison inmate proceeding pro se and in forma pauperis, seeks relief

18   pursuant to 42 U.S.C. § 1983.  By order (ECF No. 29), filed on November 26, 2012, plaintiff's

19   second amended complaint was dismissed with plaintiff granted leave to file a third amended

20   complaint, not to exceed thirty pages, within twenty-eight days.  On December 26, 2012,

21   plaintiff file a letter regarding, inter alia, difficulties he alleged he had been having in obtaining

22   law library access.  Construing the letter as a request for an extension of time, the court granted

23   plaintiff a twenty-eight day extension to file a third amended complaint.  <u>See</u> Order (ECF No.

24   31), filed on January 8, 2013.

25              Thereafter, on February 5, 2013, plaintiff filed another letter, this time claiming

26   that due to "on-going harassment from Jamestown staff," he is unable to "do this case."  ECF

No. 32.  Plaintiff attaches a CDCR 22 form dated as written and submitted on January 18, 2013, indicating that he has been deprived of, inter alia, access to the law library since January 15, 2013, despite having a court order.   B. Tweedy evidently provided a response to plaintiff's request, dated as returned on January 22, 2012.  Plaintiff identifies this individual as a sergeant. In response to plaintiff's complaint regarding lack of access to the law library, Correctional Sergeant B. Tweedy wrote: "Law Library: Library has no information regarding a court order.  It is your responsibility to provide the info to the Librarian so he can ensure you access."   ECF No. 32, Attachment.   Plaintiff states that when he tried to obtain access Corr. Sgt. Tweedy told him he would not be going to the law library.

As yet there are no defendants in this action.  Usually persons or entities not parties to an action are not subject to orders for injunctive relief.  Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 89 S. Ct. 1562 (1969).  However, the fact one is not a party does not automatically preclude the court from acting.  The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law."  See generally S.E.C. v. G.C. George Securities, Inc., 637 F.2d 685 (9th Cir. 1981); United States v. New York Telephone Co., 434 U.S. 159, 98 S. Ct. 364 (1977).  This section does not grant the court plenary power to act in any way it wishes; rather, the All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction.  Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979).

The court is concerned that it may lose its jurisdiction if plaintiff is unable to prosecute this action because he has no access to the law library.

Accordingly, IT IS ORDERED that:

1.  Within fourteen days of the date of this order, Correctional Sergeant B. Tweedy shall inform the court whether plaintiff has been provided any law library access, and, if not, why not;

2. The Clerk of the Court is directed to serve this order by mail on Correctional

2

1  Sergeant B. Tweedy at Sierra Conservation Center in Jamestown, California; and

2          3.  Plaintiff is granted a further extension of time of twenty-eight days from the

3  date of this order to file a third amended complaint, not to exceed thirty pages.

4  DATED: February 11, 2013.

5

6                                                    ALLISON CLAIRE
                                                     UNITED STATES MAGISTRATE JUDGE

7

AC:009
8  case2900.alw

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26