IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES T. CASE,

        Plaintiff,                         No. 2:11-cv-2900 AC P

    vs.

BOARD OF PRISON TERMS, et al.,

        Defendants.                    ORDER

_____/

        Plaintiff, a prison inmate proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. By order (ECF No. 29), filed on November 26, 2012, plaintiff's second amended complaint was dismissed with plaintiff granted leave to file a third amended complaint, not to exceed thirty pages, within twenty-eight days. On December 26, 2012, plaintiff file a letter regarding, inter alia, difficulties he alleged he had been having in obtaining law library access. Construing the letter as a request for an extension of time, the court granted plaintiff a twenty-eight day extension to file a third amended complaint. See Order (ECF No. 31), filed on January 8, 2013.

        Thereafter, on February 5, 2013, plaintiff filed another letter, this time claiming that due to "on-going harassment from Jamestown staff," he is unable to "do this case." ECF

1

1 No. 32.  Plaintiff attaches a CDCR 22 form dated as written and submitted on January 18, 2013,
2 indicating that he has been deprived of, inter alia, access to the law library since January 15,
3 2013, despite having a court order.   B. Tweedy evidently provided a response to plaintiff's
4 request, dated as returned on January 22, 2012.  Plaintiff identifies this individual as a sergeant.
5 In response to plaintiff's complaint regarding lack of access to the law library, Correctional
6 Sergeant B. Tweedy wrote: "Law Library: Library has no information regarding a court order.  It
7 is your responsibility to provide the info to the Librarian so he can ensure you access."  ECF
8 No. 32, Attachment.   Plaintiff states that when he tried to obtain access Corr. Sgt. Tweedy told
9 him he would not be going to the law library.

10 　　　As yet there are no defendants in this action.  Usually persons or entities not
11 parties to an action are not subject to orders for injunctive relief.  Zenith Radio Corp. v.
12 Hazeltine Research, Inc., 395 U.S. 100, 89 S. Ct. 1562 (1969).  However, the fact one is not a
13 party does not automatically preclude the court from acting.  The All Writs Act, 28 U.S.C. §
14 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and
15 agreeable to the usages and principles of law."  See generally S.E.C. v. G.C. George Securities,
16 Inc., 637 F.2d 685 (9th Cir. 1981); United States v. New York Telephone Co., 434 U.S. 159, 98
17 S. Ct. 364 (1977).  This section does not grant the court plenary power to act in any way it
18 wishes; rather, the All Writs Act is meant to aid the court in the exercise and preservation of its
19 jurisdiction.  Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979).

20 　　　The court is concerned that it may lose its jurisdiction if plaintiff is unable to
21 prosecute this action because he has no access to the law library.

22 　　　Accordingly, IT IS ORDERED that:

23 　　　1. Within fourteen days of the date of this order, Correctional Sergeant B.
24 Tweedy shall inform the court whether plaintiff has been provided any law library access, and, if
25 not, why not;

26 　　　2. The Clerk of the Court is directed to serve this order by mail on Correctional

1  Sergeant B. Tweedy at Sierra Conservation Center in Jamestown, California; and

2              3.  Plaintiff is granted a further extension of time of twenty-eight days from the

3  date of this order to file a third amended complaint, not to exceed thirty pages.

4  DATED: February 11, 2013.

                              /s/ Allison Claire
                              ALLISON CLAIRE
                              UNITED STATES MAGISTRATE JUDGE

AC:009
case2900.alw