IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES T. CASE,

    Plaintiff,        No. 2:11-cv-2900 AC P

   vs.

BOARD OF PRISON TERMS, et al.,

    Defendants.      <u>ORDER</u>

_____/

     Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to the jurisdiction of the magistrate judge.  <u>See</u> ECF No. 9.  By order filed on November 26, 2012 (ECF No. 29), plaintiff's second amended complaint (ECF No. 27) was dismissed with leave to file a third amended complaint within twenty-eight (28) days not to exceed thirty pages in length.  <u>See</u> ECF No. 29, p. 7.  In an order filed on January 8, 2013 (ECF No. 31), plaintiff was granted a twenty-eight day extension of time to file a third amended complaint in part due to plaintiff's complaint of difficulties accessing the prison law library.  Plaintiff subsequently reported to the court that he was being denied access to the prison law library despite having a court ordered deadline.  By order filed on February 11, 2013 (ECF No. 33), the undersigned directed Correctional Sergeant B. Tweedy to

inform the court whether plaintiff had been provided any law library access, and, if not, why not. ECF No. 33.   There are no defendants in this action to date; however, plaintiff identified C/O Tweedy as the prison official who allegedly refused plaintiff access to the law library.   The court's order to Sgt. Tweedy issued pursuant to the All Writs Act, 28 U.S.C. § 1615(a).

<u>Sgt. Tweedy's Response</u>

Corr. Sgt. Tweedy filed his response (ECF No. 39) on March 11, 2013, following one extension of time.[1]   On March 13, 2012, the clerk docketed a letter from petitioner dated March 11, 2013 (ECF No. 40), complaining of continued harassment.   On March 27, 2013, plaintiff filed his reply to Sgt. Tweedy's amended response.   ECF No. 41.   In addition to responding to Sgt. Tweedy's statement, plaintiff requests an extension of time and requests appointment of counsel.   <u>Id.</u>

In his response, Corr. Sgt. Tweedy provides general information regarding the process by which an inmate with an established court deadline may apply for priority legal user (PLU) status pursuant t 15 Cal. Code Regs. § 3122(b).   PLU status confers access to the library ahead of inmates without pending court deadlines.   He also informs the court that when there is a lockdown, inmates may be limited to use of a paging system to access library materials pursuant to 15 Cal. Code Regs. §§ 3122(b), 3123(c).   Sgt. Tweedy provides documentation that plaintiff has previously obtained PLU status, and points out that he therefore is familiar with the process.

Sgt. Tweedy declares that in January 2013, plaintiff submitted an inmate request for interview (CDCR Form 22), saying he was not allowed law library access and that he had a court order requiring response.   Sgt. Tweedy, a correctional sergeant on the yard, who states that he does not control law library access, checked with Senior Librarian Parsons as to whether plaintiff had priority library user (PLU) status.   Librarian Parsons informed Sgt. Tweedy that

---

[1]   ECF. No. 39 is captioned an amended response.   It includes exhibits that were omitted from the first-filed response, ECF. No. 40.   Both documents were timely filed on the same day.   All references to the response are to ECF No. 39.

1  plaintiff did not have PLU status at that time and there was not a record of a pending court case.

2  The warden had placed the facility on lockdown which meant limited programs and inmate

3  movement; however, PLU status would mean that plaintiff would nevertheless have law library

4  access.  Amended Response,  Declaration of Corr. Sgt. B. Tweedy, signed under penalty of

5  perjury on March 5, 2013 (ECF 39,  p. 13 at ¶ 2).

6          When Sgt. Tweedy and Senior Librarian Parsons attempted to explain to plaintiff

7  that he did not have current PLU status, plaintiff "became loud and belligerent."  The sergeant

8  said there was nothing he could do, and plaintiff was told to return to his cell.  Tweedy Dec., ¶ 3.

9          Sgt. Tweedy avers that he then responded to plaintiff's Form 22 request in

10  writing, explaining that the library did not have any information regarding a court order and that

11  it was plaintiff's responsibility to provide that information to the librarian to process.  Sgt.

12  Tweedy references 15 Cal. Code. Regs. § 3122 as the provision explaining the process by which

13  inmates may request PLU status and the documentation to be submitted.  Tweedy Dec. ¶ 4.

14          Sgt. Tweedy declares that he was not and still is not aware of any court deadlines

15  for plaintiff.  He states plaintiff did not provide him with court documents demonstrating he had

16  a court deadline for the filing of legal paperwork and that had plaintiff done so, he (Sgt. Tweedy)

17  would have told plaintiff to send the documents to the library with a Form 2171 so that

18  plaintiff's eligibility for PLU status could be evaluated.   Tweedy Dec. ¶ 5.

19          Sgt. Tweedy provides an exhibit that shows that plaintiff had requested and

20  received PLU status from July 7, 2012 through July 26, 2012.  ECF No. 39, pp. 2-3, Exhibits 1 &

21  2 at pp. 7 & 9, PLU request & PLU tracking sheet.  The sign in report at Ex. 3 also shows

22  plaintiff accessed the library several times in August and September of 2012.  ECF No. 39, p. 11.

23   Sgt. Tweedy maintains that plaintiff has not shown that he hindered plaintiff's law library access

24  by following the procedure for confirmation of whether plaintiff had PLU status and by telling

25  him he was not on the PLU roster.  Id. at 4.

26

1    Plaintiff's Reply

2    Plaintiff's letter to the court dated the same day as Sgt. Tweedy's amended

3    response was filed states that his "harassment" by prison staff has continued.  He claims that his

4    cell was searched for two hours on February 2, 2013 and again on February 4, 2013.  Plaintiff

5    writes that following the "injunction" on Sgt. Tweedy (by which plaintiff likely means this

6    court's order for a response from Sgt. Tweedy regarding plaintiff's law library access), plaintiff

7    was put up for transfer on February 13, 2013.  Plaintiff alleges that Sgt. Tweedy personally

8    conducted a pat search of plaintiff as he came out of chow hall.  On March 11, 2013, plaintiff

9    was told that he would be moving to another cell.  Plaintiff identifies this an instance of "ping

10   pong balling,"  a form of "harassment" in which an inmate is moved from cell to cell.  He also

11   claims that his request for envelopes as an indigent was refused and that he had to stand in front

12   of R&R for five days to get a package.  He asks for appointment of counsel to help him

13   circumvent the alleged obstacles.  As a post-script, he asserts that he has still not gained law

14   library access.  ECF No. 40.

15   In his reply to Sgt. Tweedy's response to this court's order, plaintiff points out

16   that no sign-in sheet for library use  was provided for the period beginning January 8, 2013.  He

17   contends that this is because he has not been allowed law library access since that date.  Plaintiff

18   asks the court to order, inter alia, "videotapes" for January 18, 2013, which would prove (1) that

19   plaintiff tried to hand Sgt. Tweedy a brown envelope presumably containing documentation of

20   his court deadlines and (2) that he never had an outburst on the day he was talking with Sgt.

21   Tweedy.  Plaintiff requests yet another extension of time due to the "on going harassment."  He

22   also states that he is being transferred although he does not indicate when and it is unclear

23   where.  He contends that appointment of counsel "would solve all problems."  ECF No. 41.

24   Discussion

25   It strikes the court as somewhat disingenuous for the sergeant to declare that he

26   remains unaware that plaintiff has a pending court deadline, when that deadline is the basis for

4

the order to which he responds.  Nonetheless, although plaintiff continues to complain that he is

being harassed and denied access to the law library, he does not demonstrate that he has

complied with the pertinent regulations.  It is not clear whether the prison, or the section where

plaintiff is housed, is on lockdown.  In any event, plaintiff does not deny that he has obtained

PLU status in the recent past; nor does he represent that he has followed the procedure outlined

in 15 Cal. Code Regs. § 3122(b) which states, in relevant part:

> Inmates who have established court deadlines may apply for
> Priority Legal User (PLU) status to the prison law libraries.
> Inmates who are granted PLU status based on their application
> shall receive higher priority to prison law library resources than
> other inmates. All inmates who are not on PLU status are on
> General Legal User (GLU) status.
>
> (1) An established court deadline may be either a
> court imposed deadline for an active case or a
> statutory deadline. Inmates who apply for PLU
> status based on a court imposed deadline must show
> documentation from the court to verify that
> deadline. Inmates who apply for PLU status based
> on a statutory deadline must identify the legal rule
> that compels the deadline.
>
> . . . .
>
> (3) Inmates shall complete and sign a CDCR Form
> 2171 (Rev. 9/09), Priority Library User (PLU)
> Request and Declaration, which is incorporated by
> reference, to apply for PLU status. The Form 2171
> shall include check boxes for inmates to designate
> their established court deadlines. The Form 2171
> shall also include a check box for inmates to
> confirm that they do not have attorney
> representation for their listed deadline.
>
> (4) Except under extraordinary circumstances
> beyond staff control, law library staff shall have
> seven calendar days after receipt of the completed
> and signed Form 2171 to process an inmate's
> application for PLU status and make a decision to
> approve or disapprove the application. Staff
> members who disapprove an inmate's application
> shall provide the reasons for their disapproval on
> the form and shall provide a copy of that document
> to the inmate.

1 . . . .

2      (6) An inmate may receive PLU status within 30
3      calendar days of his or her established court
       deadline unless the inmate can demonstrate need for
4      a longer period of PLU status based on
       extraordinary circumstances beyond the inmate's
5      control.

6      (7) PLU status is intended to assist inmates to do
       legal work in a quiet law library setting. An inmate
7      on PLU status who, while in the law library, is
       observed by staff to act in an unreasonably
8      disruptive manner or to engage in non-legal work
       shall be removed from the PLU list and shall be
9      dismissed from the library for that day. Inmates
       who are removed from the PLU list for these
10     reasons shall be ineligible to reapply for PLU status
       for 30 calendar days, but may continue to use the
11     law library on GLU status.

12  15 Cal. Code Regs. 3122(b).

13          The court has set forth the relevant portions of the above regulation so that

14  plaintiff has before him the guidance to proceed to seek, obtain and keep PLU status for the

15  period of time to submit a third amended complaint in this case.[2]  Plaintiff will be granted one

16  further extension of time in this order.  Plaintiff and prison staff may rely on this deadline as

17  plaintiff's current court-ordered deadline, should plaintiff submit the appropriate request for PLU

18  status.  This over-burdened court has been too long engaged in the effort to see to it that plaintiff

19  has an opportunity to file his third amended complaint.  The undersigned will not look with favor

20  upon any further request for an extension of time from plaintiff, nor on any further reports by

21  plaintiff of being frustrated in his efforts to receive library access.  The court will only consider

22

23          [2]    15 Cal. Code Regs. § 3123(b) states: "All inmates, regardless of their classification
    or housing status, shall be entitled to physical law library access that is sufficient to provide
24  meaningful access to the courts. Inmates on PLU status may receive a minimum of 4 hours per
    calendar week of requested physical law library access, as resources are available, and shall be
25  given higher priority to the law library resources. Inmates on GLU status may receive a
    minimum of 2 hours per calendar week of requested physical law library access, as resources are
26  available."

1  any further grievance if plaintiff can demonstrate that he has followed the requisite prison

2  procedure but has been frustrated in his efforts by inappropriate conduct by any prison staff.

3  <u>Appointment of Counsel Denied</u>

4  In addition to the request for appointment of counsel contained in his reply to Sgt.

5  Tweedy's response, ECF No. 41, plaintiff has filed three previous requests for appointment of

6  counsel within the past month.  ECF Nos. 34, 37, and 40.  The United States Supreme Court has

7  ruled that district courts lack authority to require counsel to represent indigent prisoners in

8  § 1983 cases.  <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989).  In certain

9  exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to

10  28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v.</u>

11  <u>Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not

12  find the required exceptional circumstances.  Although plaintiff still has leave to amend,

13  plaintiff's original complaint and first and second amended complaints have been dismissed

14  because plaintiff has failed to frame colorable claims on which he could proceed under 42 U.S.C.

15  § 1983.  Plaintiff's motions for the appointment of counsel will therefore be denied.

16  Accordingly, IT IS ORDERED that:

17  1. Corr. Sgt. Tweedy has discharged the court's order of February 11, 2013 (ECF

18  No. 33) by his amended response filed on March 11, 2013 (ECF No. 39);

19  2. Plaintiff's request for a further extension of time, filed on March 27, 2013,

20  (ECF No. 41) is granted and **plaintiff has twenty-eight days from the date of this order** to file

21  his third amended complaint with no further extension of time contemplated by the court;

22  ////

23  ////

24  ////

25  ////

26  ////

1    3.  Plaintiff's February 20, 2013, March 4, 2013, March 11, 2013 and March 27,

2   2013 requests for the appointment of counsel (ECF Nos. 34, 37, 40 and 41) are denied.

3   DATED: April 3, 2013.

4

5                                        ALLISON CLAIRE
                                         UNITED STATES MAGISTRATE JUDGE
6

7   AC:009
    case2900.ord3
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26