UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES T. CASE, | No. 2:11-cv-2900 AC P |
| Plaintiff, | |
| v. | ORDER |
| BOARD OF PRISON TERMS, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff consented to the jurisdiction of the magistrate judge. ECF No. 9. By order filed April 4, 2013 (ECF No. 42), the court noted that plaintiff's second amended complaint had been dismissed and plaintiff had on November 26, 2012 been granted twenty-eight days to file a third amended complaint not to exceed thirty pages (see ECF No. 29). On January 8, 2013, plaintiff was granted an additional twenty-eight days to file a third amended complaint, due to plaintiff's alleged problems with law library access. See ECF No. 31. On February 11, 2013, plaintiff having complained about continued denial of access to the law library despite the court-ordered deadline, this court invoked the All Writs Act, 28 U.S.C. § 1615(a) to require correctional sergeant B. Tweedy to provide information as to plaintiff's law library access. ECF No. 33.

The April 4, 2013 order set forth Sgt. Tweedy's response as well as the prison regulation

1

1 regarding the procedure for inmates with court deadlines to obtain Priority Legal User (PLU)
2 status. ECF No. 42. Plaintiff was granted one further, and final, twenty-eight-day extension of
3 time to file a third amended complaint. No third amended complaint has been filed, and at this
4 point the second amended complaint has been dismissed for nearly a year.

5 In a document dated April 10, 2013 and filed on May 6, 2013, plaintiff informed the court
6 that he had been granted PLU status but was nevertheless denied prison law library access on a
7 particular occasion. ECF No. 46. In a letter dated April 30, 2013 and filed on May 3, plaintiff
8 indicated a change of address and requested a waiver of the filing fee, noting that "if the court
9 dose this I will drop this case [sic]." ECF No. 45. Pursuant to 28 U.S.C. § 1915(b)(1) "if a
10 prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to
11 pay the full amount of a filing fee." Therefore, plaintiff is statutorily obligated to pay the filing
12 fee. There is no indication that plaintiff since his transfer has been wholly deprived of law library
13 access, and there is no question that plaintiff has been afforded very wide latitude to proceed in
14 this action. The third amended complaint is now over four and half months late, and plaintiff has
15 not communicated with the court since early May, 2013. Plaintiff thus appears to have
16 abandoned this case altogether. The case accordingly will be dismissed with prejudice for
17 plaintiff's failure to prosecute this action and his failure to comply with a court order. See Fed. R.
18 Civ. P. 41(b); Local Rule 110.

19 Accordingly, IT IS ORDERED that this action is dismissed with prejudice. Fed. R. Civ.
20 P. 41(b); Local Rule 110.

21 DATED: September 26, 2013

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:009
case2900.ord4

2